SAMUEL EDELSON ET AL. *v.* ZONING COMMISSION OF THE TOWN OF BERLIN ET AL.
(2093)

HULL, BORDEN and SPALLONE, Js.

Argued June 12—decision released September 18, 1984

*Thomas P. Byrne,* for the appellants (plaintiffs).

*Lawrence J. Fagan,* with whom, on the brief, was *Harry J. Jackaway,* for the appellees (defendants).

SPALLONE, J. The plaintiffs appeal[1] to this court from the trial court's dismissal of their appeal from the defendant Berlin zoning commission's granting of an application to amend the Berlin zoning regulations.

The defendants Richard and Janice Zaccardo are lessees of the restaurant at the clubhouse of the Timberlin Golf Course, a municipally-owned golf course in Berlin. The Zaccardos applied to the defendant commission for an amendment to the zoning regulations which would allow them to sell any alcoholic beverages at the clubhouse, rather than beer only. The commission granted the application and amended § 11.04.07 of the Berlin zoning regulations to read as follows: "The Zoning Board of Appeals may grant a permit with such restrictions as it may impose for the sale of alcoholic beverages in the Clubhouse of any golf course owned by the Town of Berlin."

The plaintiffs, who are resident taxpayers of the town of Berlin, appealed from the adoption of that amendment. In dismissing the appeal, the trial court found that the plaintiffs were not aggrieved because the appeal was from the action of a zoning commission, rather than from a zoning board of appeals, and because the action merely broadened a permitted use. It nevertheless addressed all of the claims of law which the plaintiffs raised.

On appeal from the judgment of dismissal, the plaintiffs' initial argument is that the trial court erred in concluding that they were not aggrieved. General Statutes § 8-10 provides that "[t]he provisions of sections 8-8 and 8-9 shall apply to appeals from zoning boards

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

of appeals, zoning commissions or other final zoning authority of any municipality whether or not such municipality has adopted the provisions of [chapter 124 of the General Statutes] and whether or not the charter of such municipality or the special act establishing zoning in such municipality contains a provision giving a right of appeal from zoning boards of appeals or zoning commissions and any provision of any special act, inconsistent with the provisions of said sections, is repealed."[2] The clear intention of the legislature in enacting § 8-10 was to create a uniform right of appeal from every zoning board of appeal, zoning commission, planning and zoning commission, or other final zoning authority of every municipality in the state, regardless of whether the commission was acting under the general enabling act or under the provisions of a special act. *Conto* v. *Zoning Commission,* 186 Conn. 106, 116, 439 A.2d 441 (1982); *Weigel* v. *Planning & Zoning Commission,* 160 Conn. 239, 249, 278 A.2d 766 (1971).

In cases involving the sale of alcoholic beverages, the Supreme Court has held that the status of the appellants as taxpayers in the community entitled them to prosecute an appeal. *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 428, 242 A.2d 713 (1968); *M. & R. Enterprises, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 280, 281–82, 231 A.2d 272 (1967); *Cowles* v. *Zoning Board of Appeals,* 153 Conn. 116, 117, 214 A.2d 361 (1965); see *Hartford Distributors, Inc.* v. *Liquor Control Commission,* 177 Conn. 616, 621 n.2, 419 A.2d 346 (1979). When traffic in liquor is involved, a resident taxpayer of a town is, a priori, an aggrieved person with standing to prosecute an appeal; he need not show that he has an interest peculiar to himself. *Cowles*

---

[2] General Statutes § 8-8 permits appeals from any decision of a zoning board of appeals and sets forth the applicable appellate procedure. Section 8-9 authorizes appeals from zoning commissions and planning and zoning commissions.

v. *Zoning Board of Appeals,* supra; *O'Connor* v. *Board of Appeals,* 140 Conn. 65, 72, 98 A.2d 515 (1953). Accordingly, we hold that the trial court erred in failing to find that the plaintiffs were aggrieved for the purpose of the underlying appeal.

The plaintiffs also claim that the trial court erred in concluding that the commission was not required by General Statutes § 8-3b to refer the proposed amendment to the central Connecticut regional planning agency. Section 8-3b provides, in pertinent part, as follows: "When the zoning commission of any municipality proposes to establish or change a zone or any regulation affecting the use of a zone any portion of which is within five hundred feet of the boundary of another municipality located within the area of operation of a regional planning agency, the zoning commission shall give written notice of its proposal to such regional planning agency not later than thirty-five days before the public hearing to be held in relation thereto." The commission admits that Rocky Hill, New Britain and Berlin are located within the area of operation of the central Connecticut regional planning agency. It also admits that the proposed amendment was not referred to that agency within the time period set forth in § 8-3b.

While the clubhouse at the Timberlin Golf Course is more than five hundred feet from a town boundary, a portion of the golf course lies within that distance. The commission argues that because the use permitted by the amendment is limited to the clubhouse, the amendment does not affect the use of a zone "any portion of which is within five hundred feet of the boundary of another municipality." We disagree. Although the clubhouse is the specific site at which liquor would be served, the clubhouse is situated on the golf course which, in turn, is located in a residential zone. Section 4.11 of the Berlin Zoning Regulations permits golf courses in all residential zones. The amendment con-

sequently affects the use of all residential zones in Berlin, some of which may lie within five hundred feet of another municipality. There is no way to confine the contemplated use to a given area of a zone; an amendment to the regulations concerning the use of a zone affects the entire zone.

The notice required by § 8-3b applies to any change of a regulation affecting the use of a zone, any portion of which is within five hundred feet of another municipality. Courts must interpret the statutes as they are written; *Muha* v. *United Oil Co.,* 180 Conn. 720, 730, 433 A.2d 1009 (1980); and cannot, by construction, read into them provisions which are not clearly stated. *Thornton Real Estate, Inc.* v. *Lobdell,* 184 Conn. 228, 230, 439 A.2d 946 (1981); *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975). It is a cardinal rule of construction that statutes are to be construed so that they can carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself where the language is plain and unambiguous. *Grievance Committee* v. *Trantolo,* 192 Conn. 15, 22, 470 A.2d 228 (1984); *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36 (1967).

Section 8-3b establishes the requirement that written notice be given to the regional planning agency. Compliance with statutory provisions as to notice is a prerequisite to any valid and effective action by an administrative tribunal. *Brazo* v. *Real Estate Commission,* 177 Conn. 515, 518, 418 A.2d 883 (1979); *Mauriello* v. *Board of Education,* 176 Conn. 466, 471, 408 A.2d 247 (1979). The failure to give notice constitutes a jurisdictional defect. *Brazo* v. *Real Estate Commission,* supra; *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 251, 83 A.2d 201 (1951). The commission, having failed to provide the statutorily mandated notice, was without jurisdiction to take any action on the Zaccardos' application. We thus conclude that the court erred in

finding that the commission was not required to provide the central Connecticut regional planning agency with notice of the proposed amendment.

The plaintiffs' contention that the court erred in its finding that the commission stated adequate reasons for the record is without merit. Their additional arguments raising various constitutional claims need not be addressed. Constitutional issues are not considered unless absolutely necessary to the decision of the case. *State* v. *Onofrio,* 179 Conn. 23, 38, 425 A.2d 560 (1979).

There is error, the judgment is set aside and the case remanded with direction to render judgment sustaining the plaintiffs' appeal.

In this opinion the other judges concurred.