OAK LEAF MARINA, INC., ET AL. *v.* PETER M. ERTEL
(8086)

BORDEN, O'CONNELL and FOTI, Js.

Argued April 11—decision released August 28, 1990

*Richard Paladino,* for the appellant (defendant).

*Steven L. Richards,* with whom, on the brief, was *Raymond T. DeMeo,* for the appellees (plaintiffs).

FOTI, J. The defendant appeals from the trial court's judgment rendered in favor of the plaintiffs.[1] The parties own abutting tracts of waterfront realty in Old Saybrook, and dispute the scope of their riparian rights. The plaintiffs sought and were granted relief in three areas: the littoral areas to the north and south of the defendant's parcel, and a right-of-way easement over one of the plaintiffs' parcels.

The plaintiffs operate a marina on several waterfront properties, including a tract owned by Connecticut Light and Power (CL&P), for which they have a license to the upland rights. The defendant owns an eighteen by twenty foot riverfront plot, that abuts the plaintiffs' marina on the north and west, and the licensed CL&P property on the south, and is accessed by way of a twenty foot wide right-of-way easement over the plaintiff's property to the west.

The root of the conflict is the reconstruction of the defendant's dock. The rickety 155 foot wharf used by the defendant and his predecessor in title, Charles Parnum, as well as their families and friends, was converted to a more substantial dock that was 215 feet long and had twenty-two slips. These slips were leased to paying customers. This reconstruction included the placement of outhaul pilings thirty-two feet from the center line of the dock that the court found to violate the permits required by the department of environmental protection and the United States Army Corps of Engineers. It was these pilings and the commercial vehicular traffic over the defendant's easement that prompted the plaintiffs to institute this action.

[1] The plaintiffs are Oak Leaf Marina, Inc., Scott Masse and Sherry Masse. The Masses are the shareholders of Oak Leaf Marina, Inc. Because they all represent essentially one corporate entity, for the purpose of this appeal they are treated together.

The plaintiffs sought a judgment declaring that the defendant's dock system exceeded his littoral area and rights, and that the defendant had overburdened the right-of-way over the plaintiffs' land. The plaintiffs also sought compensatory damages, injunctive relief against the obstruction of and the interference with their littoral rights, the overburdening of the easement, as well as any other appropriate legal or equitable relief.

The defendant pleaded several special defenses and a counterclaim. These included allegations of the defendant's adverse possession of the littoral areas to the north and south of his dock, a prescriptive right to an enlarged use of the easement, and a right to the use of his easement for the commercial traffic under the grant. He also alleged laches and unclean hands on the part of the plaintiffs in the construction of their dock.

The court found the defendant's defenses and counterclaim to be without merit, and granted the relief requested by the plaintiffs. The defendant challenges the trial court's decision (1) denying his claim to a right through adverse possession to the littoral area to the north of his dock system, (2) enjoining him to remove the outhaul pilings south of his dock, and (3) finding that he had neither an express nor prescriptive right to use his easement for the vehicular traffic associated with his marina.

The defendant challenges the trial court's denial of his special defense and counterclaim of adverse possession regarding the twenty-two foot encroachment of his outhaul pilings into the plaintiffs' littoral area. Adverse possession must be proven by the claimant; *Roche* v. *Fairfield,* 186 Conn. 490, 498, 442 A.2d 911 (1982); *Loewenberg* v. *Wallace,* 147 Conn. 689, 699, 166 A.2d 150 (1960); by clear and convincing evidence. *Robinson* v. *Myers,* 156 Conn. 510, 517, 244 A.2d 385

(1968); see also *Huntington* v. *Whaley,* 29 Conn. 391, 398 (1860). The elements that must be established " 'are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner.' " *County Federal Savings & Loan Assn.* v. *Eastern Associates,* 3 Conn. App. 582, 586, 491 A.2d 401 (1985); General Statutes § 52-575. The question of adverse possession is a question for the trier of fact. *Roche* v. *Fairfield,* supra.

The trial court found that the defendant did not establish adverse possession of the plaintiffs' littoral area or rights. The trier of fact is best able to judge credibility of witnesses and draw necessary inferences therefrom. *Kukanskis* v. *Jasut,* 169 Conn. 29, 32–33, 362 A.2d 898 (1975); *State* v. *Navikaukas,* 12 Conn. App. 679, 683, 533 A.2d 1214 (1987), cert. denied, 207 Conn. 804, 540 A.2d 74 (1988). This court will not retry the facts found by the trial court when they are amply supported by the evidence and are not clearly erroneous. *Halepas* v. *Malerba,* 3 Conn. App. 403, 404, 488 A.2d 847 (1985).

The defendant challenges the trial court's order to remove the pilings to the south of his dock on two grounds, neither of which is meritorious. First, the defendant argues that the plaintiffs have no standing to complain of the outhaul pilings south of his dock because the upland property belongs to CL&P and the littoral rights are licensed to the defendant. Second, the defendant argues that the plaintiffs' claim was insufficiently pleaded.

The doctrine of standing affords a party the right to request an adjudication of issues that affect him and his rights in particular. *Kaplan* v. *Ellis,* 1 Conn. App. 368, 370, 472 A.2d 28 (1984). Unless a plaintiff can

establish aggrievement, he will have no standing. See *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 509, 242 A.2d 705 (1968). The concept of standing as presented here by the question of aggrievement is a practical and functional one, designed to limit jurisdiction to those with a genuine and legitimate interest in the outcome. See *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 484, 338 A.2d 497 (1973). First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision as distinguished from the general interest of the community as a whole. Second, the party claiming aggrievement must establish that this specific personal and legal interest has been specifically and injuriously affected. *Beckish* v. *Manafort,* 175 Conn. 415, 420, 399 A.2d 1247 (1978); see also *Lewin* v. *United States Surgical Corporation,* 21 Conn. App. 629, 575 A.2d 262 (1990).

The injury alleged by the plaintiffs is the interference with their right of access to and navigation in their own littoral area. It is well settled that this right to access is distinct from any general right of the public, and the fundamental riparian right upon which all others depend. *McGibney* v. *Waucoma Yacht Club, Inc.,* 149 Conn. 560, 563, 182 A.2d 622 (1962); *Rochester* v. *Barney,* 117 Conn. 462, 468, 169 A. 45 (1933); see also *East Haven* v. *Hemingway,* 7 Conn. 186, 202 (1828). This gives the plaintiffs standing to enforce their right to access to their littoral area, and to seek an injunction to enforce this right, despite the fact that the offending obstacles were located in CL&P's littoral area.

The defendant's second claim challenges the adequacy of the plaintiffs' pleading. The sufficiency of the notice provided by a complaint is determined in each case with reference to the character of the wrong complained of and the underlying purpose of the rule, which is to prevent surprise upon the defendant. *Waterbury*

*Petroleum Products, Inc.* v. *Caanan Oil & Fuel Co.,* 193 Conn. 208, 223 n.16, 477 A.2d 988 (1984); *Smith & Egge Mfg. Co.* v. *Webster,* 87 Conn. 74, 83–84, 86 A. 763 (1913). The plaintiffs asked for a determination of their littoral rights, sought an injunction preventing encroachment upon these rights, and sought any additional legal or equitable relief that the court deemed appropriate. These requests for relief, and the allegation of the interference of the defendant's "dock system," provided the defendant with adequate notice to defend against these claims. Because the trial court had a sound basis for ordering the removal of the pilings from the south side of the defendant's dock arising from the plaintiffs' right to access their littoral area, it is unnecessary to reach the issues raised by the defendant concerning the effects of his violation of his permits from the department of environmental protection and the United States Army Corps of Engineers. Therefore, the defendant's challenge of the order to remove the pilings south of his dock is without merit.

Regarding the defendant's use of the right-of-way easement over the plaintiffs' property, the trial court found that the defendant had no right to vehicular usage, either by grant or by prescriptive right. In determining the character and extent of an easement created by deed, the ordinary import of the language will be accepted as indicative of the intention of the parties, unless there is something in the situation of the property or the surrounding circumstances that calls for a different interpretation. *Mackin* v. *Mackin,* 186 Conn. 185, 189, 439 A.2d 1086 (1982); *American Brass Co.* v. *Serra,* 104 Conn. 139, 142, 132 A. 565 (1926). The trial court found that the conditions at the time of the grant limited the grant to the nonvehicular use of the easement by the residents of the house located on the larger of the two parcels now held by the defendant. The trial court's findings as to the facts and surround-

ing circumstances present at the making of this grant are supported by evidence, and are not clearly erroneous. Cf. *American Trading Real Estate Properties, Inc.* v. *Trumbull,* 215 Conn. 68, 574 A.2d 796 (1990). We will not disturb the trial court's determination that the grant that created this right-of-way easement did not include a grant of vehicular use. *Halepas* v. *Malerba,* supra.

The acquisition of the right to use an easement for vehicular traffic is essentially a question of fact. Cf. *Sachs* v. *Toquet,* 121 Conn. 60, 66, 183 A. 22 (1936). To establish a prescriptive right to a vehicular use, the claimant must show that the use was exercised under a claim of right. Id. The court found that the defendant did not hold under a claim of right because he recognized the limitation of his easement to nonvehicular traffic. This was evidenced by his purchase of a golf cart to keep his customers from driving their cars on the easement. The trial court found as a matter of fact that the defendant had not satisfied the requirements necessary to acquire a prescriptive use.

Because this issue and the remaining issue raised by the defendant as to his counterclaim and defenses turn primarily on issues of fact, and the defendant has not carried the burden of showing the trial court's findings to be clearly erroneous, his challenges to the limitation of his use of his easement and the trial court's other findings[2] challenged in this appeal, must likewise fail. See *Halepas* v. *Malerba,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The defendant also challenges the trial court's failure to order the plaintiffs to remove their docks, pilings and travel lift. This is wholly grounded in fact and the defendant failed to show that the trial court was clearly erroneous in its factual findings.