[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves title to a small triangular piece of property situated between the plaintiff's property at 17 Osborne Avenue in Norwalk and the adjacent property to the north at 17 1/2 Osborne Avenue, belonging to the defendants.
The matter was referred to an attorney trial referee, General Statutes 52-434 (a)(4), Attorney David Albert. The referee recommended that judgment enter in favor of the defendants on the count of their counterclaim which sought a right of way or easement by prescription over the small piece of land. The plaintiff did not file any motion with respect thereto and apparently concedes the easement by prescription.
The defendants then filed a motion to correct the referee's report, Practice Book 438, asking that the judgment enter in their favor on the ground of adverse possession.
The referee thereafter amended his report in accordance with the motion to correct and now recommends that the defendants be found to have acquired title by way of adverse possession.
The plaintiff filed an exception, Practice Book 439, to the amended Report (#128) on the basis that the referee never found that the use of the property by the defendants had been "exclusive," and therefore title by adverse possession could not be acquired.
General Statutes 47-37 indicates that to acquire a right-of-way, or easement over another's property, the use must "continue uninterrupted for fifteen years," and need be proved only by a preponderance of the evidence. Reynolds v. Soffer, 190 Conn. 184, 187-88, 459 A.2d 568
CT Page 363 (1990).
To establish adverse possession, on the other hand, the use must be "exclusive," and must be proved by "clear and convincing evidence." Oak Leaf Marina, Inc. v. Ertel, 23 Conn. App. 91, 93-94, 579 A.2d 568
(1990).
Although the referee did indicate in the amended report that the defendants proved adverse possession by "the standards necessary," this case is being remanded so the referee can indicate explicitly the measure of proof applied. Also, there has not been any precise finding to the effect that defendants' use of this land was "exclusive." The plaintiff evidently testified that he used some of this property for a flower bed, so this issue also needs clarification.
The matter is remanded to the attorney trial referee. Dated at Stamford, Connecticut this seventh day of January, 1991.
LEWIS, J.