[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Belle Terre Associates, Milton J. Schubin, Myra Schubin, Herbert J. Stiefel and Lucy H. Stiefel, and the third-party defendant/cross-claimant, Elizabeth Gibson Dubois, move for summary judgment (#142) in both of these two consolidated actions involving a CT Page 5668 claim by the defendants in each case, George and Frayda Lindemann, of an easement or right-of-way over portions of the plaintiffs properties located in the Mead's Point section of Greenwich.
In the first case, Belle Terre, owner of lot #3, also known as 599 Indian Field Road, and the other plaintiffs sue the Lindemanns, who own 9.7 acres known as 601 Indian Field Road, challenging their claim that the defendants possess an easement over their property. Lot #3 lies to the north of the defendants land. Lots #1 and #2 are owned by the plaintiffs Milton J. and Myra Schubin. Dubois owns property adjacent and to the north of lots #1, #2, and #3. The easement claimed by the defendants passes over portions of lots #1 and #3 and the Dubois land out to Indian Field Road. The Lindemanns in addition to claiming a permanent easement by express grant also claim an easement by adverse possession.
The Lindemanns received their property from John F. and Carolyn Otto and their deed stated that they were also obtaining all right, title and interest to a reservation in a deed from the Ottos to Pamela Coyne dated March 15, 1971 by which the Ottos sold lot #3 to Coyne. The reservation referred to was that the Ottos "reserve a right-of-way for their remaining property (now the Lindemann property) over the existing driveway for purposes of travel."
The Lindemanns assert the right to exercise the same rights to the driveway over lot #3 that were reserved by the Ottos. The easement is also referred to by the parties as a "back driveway." As to their rights over lot #1 and the Dubois property, the defendants claim that they have the same rights as the owners of lot #3, that is, to use the driveway out to Indian Field Road either by way of express grant or adverse user.
This case awaits trial by either an attorney trial referee if the parties concur, or if not, by a judge as soon as one becomes available.
The second case is brought by the Stiefels, the former owners of lot #3, who are suing the Lindemanns, who recorded a notice of their claimed easement on the Greenwich land records, for slander of title, trespass, nuisance and damages. If the first case determines that an easement in favor of the Lindemanns exists over lot #3 and then out to Indian Field Road this second case will be moot. If no easement is found to exist either by CT Page 5669 way of express grant or adverse user then the Stiefel case will thereafter proceed to trial.
The motions for summary judgment by the plaintiffs claim that there are no issues of material fact, and therefore it can be decided as a matter of law that the Lindemanns do not have an easement.
The propriety of granting a summary judgment pursuant to Practice Book S 384 has been discussed by our appellate courts on many occasions. Such a motion may be granted only when the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. A "material fact" is one which will make a difference in the result of the case. Catz v. Rubenstein, 201 Conn. 39,48, 513 A.2d 98 (1986). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Evans Products Co. v. Clinton Building Supply. Inc., 174 Conn. 512,516, 391 A.2d 157 (1978). This court's task, then, is not to decide the respective merits of the claims of the parties, but rather is limited to determining whether or not there are any unresolved issues of material fact.
The basic thrust of the plaintiffs' claim in seeking summary judgment is that the reservation in the deed from the Ottos to Coyne to pass over the driveway on lot #3 was personal to the Ottos, and was not an easement appurtenant to the land and benefitting [benefiting] the defendants as successor to title to the Ottos. The argument is based on the fact that the grant from the Ottos to Coyne does not contain the words "heirs and assigns." The movants therefore claim that the easement is in gross, does not permanently run with the land, and was extinguished when the Ottos sold their property to the defendants.
Summary judgment is not warranted in this case on the authority of Kelly v. Ivler, 187 Conn. 31, 40,450 A.2d 817 (1982). "A reservation will be interpreted as creating a permanent easement if, from all the surrounding circumstances, it appears that that was the intention of the parties." Therefore, the "surrounding circumstances" must be evaluated when there is a dispute as to the existence of an easement. These circumstances include the "value to the dominant tenement," Id., 42; as well as whether the owner of the servient estate CT Page 5670 recognized the existence of the easement, and whether or not use was made of a claimed easement. Id., 43.
As was said in Contegni v. Payne, 18 Conn. App. 47,61, 557 A.2d 122 (1989), when determining whether a reservation runs with the land, ". . . the answer to that question is to be sought in the intention of the parties to the covenant expressed therein, read in light of the circumstances attending the transaction and the object of the grant."
The moving papers in support of and in opposition to the motion for summary judgment make it evident that there are conflicts in these respects. Belle Terre claims the easement has no value, because, among other reasons, the Lindemanns already have access to their property over an asphalt driveway to Indian Field Road, whereas the Lindemanns say that it does have value. Belle Terre claims the easement had not been used in the past. The Lindemanns claims to the contrary. Mr. John Otto, for example, has recorded an affidavit in the land records claiming that he intended the reservation in the Coyne deed to benefit succeeding owners of his property at 601 Indian Field Road. All of this illustrates that the "surrounding circumstances" need to be evaluated at a full trial.
In like manner an easement by adverse use, General Statutes 47-37, involves, among other things, a claim of right to use the disputed property, and this presents a factual dispute to be resolved by the trier of fact. Robert S. Weiss Co. v. Mullins, 196 Conn. 614,618, 495 A.2d 1006 (1985); Oak Leaf Marina, Inc. v. Ertel, 23 Conn. App. 91, 97, 579 A.2d 568 (1990).
In conclusion, summary judgment is denied as there are factual issues concerning whether the right-of-way was personal to the Ottos, an easement in gross, or whether it is an appurtenant easement running with the land, and thus benefits the Lindemanns as successors in title to the Ottos. Whether the Lindemanns used this right-of-way under a claim of right, and hence acquired title thereto by adverse use, also involves factual issues. It must be reiterated in this regard that although the movants make some good arguments and they may well prevail in a full trial, when deciding whether to grant a motion for summary judgment ". . . the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Connell, 214 Conn. 242,247, 571 A.2d 116 (1990). CT Page 5671
Summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut this 20th day of June, 1991.
WILLIAM B. LEWIS, JUDGE