[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 4, 1990, the plaintiffs, Pamela Delfino and Kenneth Karl, filed an appeal pursuant to General Statutes 8-8, from the decision of the defendant Torrington Planning Zoning Commission ("Commission"). The plaintiffs own land on Torringford Street in Torrington, Connecticut, which abuts the land of Joseph Ficca, a defendant. Return of Record ("ROR") Item 28(1), (3). On April 12, 1990, Mr. Ficca applied to the Commission for a zone change from the designation of R-15 Residential to that of RRC Restricted Residential Community. ROR Item 1. On May 3, 1990, legal notice was sent to the Litchfield Hills Council of Elected Officials (LHCEO), the regional planning agency for Torrington and New Hartford, pursuant to General Statutes 8-3b. ROR Items 3, 4. The Commission published notice of a public hearing to be heard regarding Mr. Ficca's application, ROR Item 3, and, on May 23, 1990, said hearing began. ROR Items 6, 7. At the hearing, Mr. Ficca's attorney, Peter Herbst, and Richard Couch, the project engineer employed on Mr. Ficca's proposal, noted that a revised plan regarding the proposed zone change was to be submitted, ROR Item 7, pp. 43-44, and the hearing was continued to allow Mr. Ficca to submit a revised site development plan for public review. ROR Item 7, pp. 79-80. The hearing continued on June 13, 1990, ROR Item 12, and Mr. Ficca's representatives presented a map depicting the revised plans calling for a total of 262 lots, including fifty-nine (59) lots in the Nepaug River Watershed and 203 lots in the Still River Watershed. ROR Item 12, p. 13; ROR Item 26. This hearing was then adjourned. ROR Item 12, p. 73. The plaintiffs contend that on July 15, 1990, Mr. Ficca's engineer submit, ed further revisions of the plans to the City Planner.
On August 10, 1990, the City Planner prepared a report to the Commission criticizing the density of Mr. Ficca's proposed development and recommending denial thereof. ROR Item 18. On September 5, 1990, Mr. Ficca submitted a further revision of the plans, which, inter alia, reduced the total number of proposed lots from 262 to 199, and lowered the Nepaug Watershed lot count from fifty-nine (59) to thirty-three (33). ROR Items 19, 27. This resulted in the City Planner withdrawing his previous objection and, on September 6, 1990, recommending approval of this September 5, 1990 plan. ROR Item 19. Thereafter, on September 12, 1990, a Commission member, Rita Pacheco, prepared a memorandum recommending that the conditions outlined by the City Planner in his September 6, 1990 memorandum, ROR Item 19, be complied with. ROR Item 20, p. 2. However, Ms. Pacheco further recommended that the density of the proposed development be reduced from 199 lots to 160 lots, with no more than thirty (30) lots in the Nepaug Watershed area. ROR Item 20, p. 2. At the Commission's September 12, 1990, meeting, Mr. Ficca was advised of the recommendations of the City Planner, as well as of the Commission's apparent willingness to comply with the more stringent requirements set forth in Ms. Pacheco's memorandum. ROR Item 21, p. 2. Mr. Ficca's attorney requested a recess of the meeting to permit him to privately discuss the recommendations with CT Page 344 the City Planner. ROR Item 21, p. 2. When the meeting reconvened, the City Planner informed the Commission that Mr. Ficca agreed to reduce the number of lots from 199 to 160, thereby complying with Commissioner Pacheco's recommendations. ROR Item 21, p. 2. The Commission voted, four to one (4-1), to approve the zone change from R-15 to RRC, effective September 20, 1990, subject to the conditions set forth in the City Planner's report and Commissioner Pacheco's memorandum. ROR Item 21, pp. 2-4.
The plaintiffs claim that the action of the Commission in approving the zone change was illegal, arbitrary and in abuse of its discretion in that it lacked jurisdiction to act on the zone change application because, inter alia, it failed to give notice of the proposal to the appropriate regional planning agency, the LHCEO, no later than thirty-five days before the commencement of the public hearing.
The Commission filed its answer on December 20, 1990, and Mr. Ficca filed an answer on January 10, 1991.
 I.
AGGRIEVEMENT
This appeal is taken pursuant to General Statutes 8-8. Any aggrieved person, as defined in 8-8 (a)(1), has a right of appeal. Id. at 8-8(b). Aggrievement is a jurisdictional question and a pre-requisite to maintaining an appeal. Winchester Woods Association v. Planning and Zoning Commission, 219 Conn. 303, 307, ___ A.2d ___ (1991). General Statutes 8-8 (a)(1) provides that "'aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." In the present case, the plaintiffs are the owners of property abutting Mr. Ficca's property, ROR Item 28(1), (3), and are thus statutorily aggrieved. General Statutes 8-8 (a)(1); Smith v. Planning and Zoning Board,203 Conn. 317, 321, 524 A.2d 1128 (1987).
 II.
TIMELINESS
The appeal to this court shall be commenced by service of process within fifteen days from the date that notice of the decision was published as required by the general statutes. General Statutes 8-8 (b). The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to this court. Id. In the present matter, the decision of the defendant was published on September 19, 1990, ROR Item 23, and process was personally served upon Stella Corey, Assistant Town Clerk of Torrington, upon John Hogan, Jr., Chairman of the Torrington Planning and Zoning Commission, and upon Mr. Ficca, on October 3, 1990, fourteen days after publication of the decision. Thus, pursuant CT Page 345 to General Statutes 8-8 (b), this court has jurisdiction over this appeal.
 III
Local zoning authorities, in enacting or amending their regulations, are acting in a legislative rather than an administrative capacity, Parks v. Planning Zoning Commission, 178 Conn. 657, 660, 425 A.2d 100
(1979), and therefore have broad discretion as long as they act "in harmony with and in conformity to a comprehensive plan as mandated by General Statutes 8-2." Id. at 660-61. A trial court is not at liberty to substitute its judgment for that of a local authority acting within its legislative powers. Frito-Lay, Inc. v. Planning and Zoning Commission,206 Conn. 554, 572-73, 538 A.2d 1039 (1988). The court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Id. at 573. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96,558 A.2d 646 (1989). The Commission action is to be sustained if anyone of the reasons stated is sufficient to support the decision. Id.; Frito-Lay, Inc., supra at 576. Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. DeMaria v. Planning and Zoning Commission, 159 Conn. 534, 541, 271 A.2d 105 (1970). However, where the Board has not provided the reasons for its decision, the court must review the record to determine whether the decision is supported thereby, Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988), and, where the Board has given inadequate reasons for its decision, the court must search the record to determine whether a basis for the action taken exists. Stankiewicz v. Zoning Board of Appeals,15 Conn. App. 729, 546 A.2d 919 (1988), aff'd., 211 Conn. 76, 556 A.2d 1024
(1989). In reviewing the record, the court is limited to evidence contained therein. Lathrop v. Planning and Zoning Commission, 164 Conn. 215, 220,319 A.2d 376 (1973).
 IV.
The plaintiffs' first claimed error is that the Commission lacked subject matter jurisdiction over this matter because it failed to comply with statutory notice and filing requirements by failing to notify the LHCEO no later than thirty-five (35) days before the commencement of the public hearing. "Compliance with statutory provisions as to notice is a prerequisite to any valid and effective action by an administrative tribunal," Edelson v. Zoning Commission, 2 Conn. App. 595, 599,481 A.2d 421 (1984) (interpreting General Statute 8-3b), and failure to give notice is a jurisdictional defect rendering the Commission's decision null and void. Id. Notice, even when given, may be challenged as insufficient. See, e.g., Cocivi v. Plan Zoning Commission, 20 Conn. App. 705, 570 A.2d 226 (1990). General Statutes 8-3b states that:
 When the zoning commission of any municipality proposes to establish or change a zone or any regulation affecting CT Page 346 the use of a zone any portion of which is within five hundred feet of the boundary of another municipality located within the area of operation of a regional planning agency, the zoning commission shall give written notice of its proposal to the regional planning agency or agencies of the region in which it and the other municipality are located not later than thirty-five days before the public hearing to be held in relation thereto. . . .
Id. (Emphasis added.)
In the present case, Mr. Ficca's property in question is bound on the east by the Torrington-New Hartford town line, and notice was not given to the LHCEO, the regional planning agency for Torrington and New Hartford, until May 3, 1990, twenty (20) days prior to the public hearing. ROR Items 3, 4, 5. In Simmons v. Zoning Commission, 35 Conn. Sup. 246,256, 407 A.2d 191 (Super.Ct. 1979, Wall, J.), the court held that the requirements of General Statutes 8-3b are mandatory, and that failure to comply with that section's notice requirement "creates a defect in the board's jurisdiction over the zoning petition, rendering any action taken by the board in relation to the proposal null, void and without effect." Id. at 256 (1979); Couch v. Zoning Commission, 141 Conn. 349, 356,106 A.2d 173 (1954). See also Akin v. Norwalk, 163 Conn. 68, 74,301 A.2d 258 (1972) (holding that the word "shall" connotes that the performance of an obligation is mandatory, as opposed to permissive). In the present case, the defendant contends that "[t]he mere fact that the notice was late would not give rise to a jurisdictional defect, especially where the regional agency did in fact respond in a meaningful way to the notice that was given." Brief of Defendant Commission, p. 5. However, subject matter jurisdiction cannot be waived or conferred by consent. Demar v. Open Space Conservation Commission, 211 Conn. 416,424, 559 A.2d 1113 (1989). Thus, because compliance with statutory provisions regarding notice is a prerequisite to a valid action by the Commission, Edelson, supra at 599, and because words and phrases "shall be construed according to the commonly approved usage of the language," General Statutes 1-1(a); see also Ghent v. Planning Commission,219 Conn. 511, 515, ___ A.2d ___ (1991); Nichols v. Warren,209 Conn. 191, 196, 550 A.2d 309 (1988) (stating that where the language of a statute is plain and unambiguous, there is no room for construction), the defendant has failed to comply with the mandatory provisions of General Statutes 8-3b, and, accordingly, its action is rendered invalid. Simmons, supra. Consequently, the appeal is sustained on the ground that the Commission lacked subject matter jurisdiction because it failed to satisfy the notice requirement of General Statutes 8-3b. Because the failure to comply with section 8-3b is dispositive as to this appeal, the court need not address the other issues raised by the plaintiffs. However, it should be noted that the plaintiff has raised the question of whether or not ex parte communications took place with regard to the petitioner's submittal of revised plans and additional information to the Commission following the close of the public hearing. The plaintiff CT Page 347 further contends that there existed an ex parte communication between Mr. Ficca and the City Planner, who served as a liaison to the Commission, when the petitioner's attorney requested and obtained a recess to confer privately with the City Planner. ROR Item 21, p. 2. This court cautions the Commission against any such action which could be construed as an ex parte communication, as such may result In a nullification of the Commission's decision.
DRANGINIS, J.