[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision (Motion for Judgement to Quiet Title)
The plaintiff claims to be the absolute owner in fee simple and in possession of certain described real estate. The non-appearing defendants are said to claim an adverse interest in the same land. The complaint does not describe a chain of title or set forth the requisite allegations to establish and prove ownership through adverse possession. There is a bare allegation of absolute ownership.
"The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner." (Internal quotation marks omitted.) Lazoff v. Padgett, 2 Conn. App. 246, 248,477 A.2d 155, cert. denied, 194 Conn. 806, 482 A.2d 711 (1984); see also Lord v. Mansfield, 50 Conn. App. 21, 30-31, 717 A.2d 267, cert. denied,247 Conn. 943, 723 A.2d 321 (1998). "`Adverse possession must be proven by the claimant . . . by clear and convincing evidence. . . . Oak Leaf Marina, Inc. v. Ertel, 23 Conn. App. 91, 93, 579 A.2d 568, cert. denied,216 Conn. 827, 582 A.2d 206 (1990).'" Goodrich v. Diodato,48 Conn. App. 436, 442, 710 A.2d 818 (1998); Kramer v. Petisi,53 Conn. App. 62, 67, 728 A.2d 1097 (1999).
In the current state of the pleadings, even upon default, there is insufficient factual predicate for a court to grant the relief requested.
The motion for Judgement to Quiet Title is denied without prejudice to CT Page 1643 the plaintiff to amend the complaint to set forth the allegations essential to its cause and subsequently prove its case.
Foley, J.