MARC A. FONTAINE *v.* COLT'S MANUFACTURING COMPANY, INC.
(AC 22743)

Foti, Dranginis and West, Js.

Submitted on briefs December 11, 2002—officially released February 4, 2003

*Joseph Dieso* filed a brief for the appellant (defendant).

*Joshua A. Hawks-Ladds, Allison M. Bogosian* and *Gwen P. Weisberg* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Colt's Manufacturing Company, Inc. (Colt's), appeals from the judgment rendered in favor of the plaintiff, Marc A. Fontaine, after a trial to the court. The issues raised on appeal relate only to the count of the plaintiff's complaint sounding in conversion. On appeal, the defendant claims (1) that, as a matter of law, the court improperly failed to conclude that the defendant gave the plaintiff a gift of only an unimproved revolver with a value of $1815 and (2)

that the evidence did not support the court's factual finding that the value of the revolver, when converted by the defendant, was $8155. We affirm the judgment of the trial court.

The record discloses the following. The defendant corporation employed the plaintiff as one of its officers from June, 1987, until March, 1999. In December, 1999, the plaintiff commenced an action[1] against the defendant seeking damages for the alleged conversion of a gun given to him upon his departure from the company and later sold by the defendant.

The court found the following facts in regard to the defendant's claim. On March 16, 1999, the defendant sponsored a farewell dinner for the plaintiff. At the dinner, two of Colt's officers presented the plaintiff with a single action .45 caliber Colt revolver, together with a presentation case for the revolver. That was a customary practice of long standing at Colt's. After the presentation at the dinner, an agent or agents of Colt's, with the plaintiff's consent, took possession of the revolver for the purpose of improving it by installing ivory grips and adding engraving. On the following day, the defendant's president apologized to the plaintiff for failing to attend the dinner and asked if the plaintiff liked the revolver that had been presented to him. The plaintiff replied in the affirmative.

Over a period of months, the plaintiff inquired as to when he was to receive the revolver, with the improvements, from the defendant. Ultimately, an agent or agents of Colt's informed the plaintiff that "the gun had been sold and there would be no replacement." The

---

[1] The plaintiff brought his action in four counts. The first three counts sought reimbursement of money lost by the plaintiff due to the failure of the defendant to pay severance wages pursuant to a contract agreement. Only the court's resolution of the fourth count, regarding the conversion of the gift of a revolver, is at issue in this appeal.

court noted that the parties had stipulated at trial that the value of the revolver, with improvements, was $8155 and that the value of the revolver, absent the improvements, was $1815.

The court found in the plaintiff's favor on the conversion claim. It found that the gift made to the plaintiff consisted of an improved revolver. The court awarded the plaintiff the value of such revolver, $8155, plus interest, pursuant to General Statutes § 37-3a, in the amount of $2008.59. The court also awarded the plaintiff, pursuant to General Statutes § 52-564, treble damages on the compensatory award for a total of $24,465 and on the interest award for a total of $6025.76. This appeal followed.

We first set forth our standard of review. "If the factual basis of the court's decision is challenged, our review includes determining whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . With regard to the trial court's factual findings, the clearly erroneous standard of review is appropriate. . . . The trial court's legal conclusions are subject to plenary review. [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Citations omitted; internal quotation marks omitted.) *Aubin* v. *Miller*, 64 Conn. App. 781, 786, 781 A.2d 396 (2001).

The defendant concedes that title to the revolver and presentation case passed to the plaintiff on March 16, 1999. The defendant also concedes that it presented the revolver to the defendant with a "promise to make improvements and add value to that revolver." The defendant further concedes, as it did at trial, that "if

. . . [such] promised improvements were performed, the value of the revolver would rise to $8155."

The evidence adduced at trial clearly supports the court's finding that the defendant gave the plaintiff a gift of an improved revolver. Testimony of multiple witnesses evidenced a long-standing custom of the defendant to give a gift of a revolver, which always was engraved and improved before final delivery, to departing long-term employees. We agree that the evidence was more than sufficient to support the court's finding that "Colt's intended to and did deliver a gun to the plaintiff, which it also intended to be fully improved," and that "the presentation to the plaintiff was in accordance with a long-standing custom of Colt's."

The defendant claims, essentially, that it made a *gift* of an unimproved revolver to the plaintiff at the dinner along with a *promise* to make improvements to the revolver. The defendant essentially argues that the court was not permitted to find that the value of the gift exceeded the value of the unimproved revolver that it actually presented to the defendant on the night of the dinner.

"To constitute a valid gift inter vivos of personal property, there must be not only a delivery of possession of the property but also an intent on the part of the donor that title shall pass immediately." *Kukanskis* v. *Jasut*, 169 Conn. 29, 34, 362 A.2d 898 (1975). "To support a factual conclusion of an executed inter-vivos gift, there would have to be a donative intention and at least a constructive delivery. . . . It is true that the donative intention need not be expressed, nor the delivery made, in any particular form or mode." (Citations omitted.) *Hebrew University Assn.* v. *Nye*, 148 Conn. 223, 232, 169 A.2d 641 (1961); see also *Hammond* v. *Lummis*, 106 Conn. 276, 279, 137 A. 767 (1927).

Where actual delivery has not occurred, the resolution of the issue of whether a donor has made a constructive delivery depends on the circumstances of each case. "For a constructive delivery, the donor must do that which, under the circumstances, will in reason be equivalent to an actual delivery. It must be as nearly perfect and complete as the nature of the property and the circumstances will permit." *Hebrew University Assn.* v. *Nye*, supra, 148 Conn. 232–33.

In the present case, there is no dispute that the defendant effectuated its donative intent of giving the plaintiff a gift of, at the very least, an unimproved revolver when it actually presented the same, along with a presentation case, to the plaintiff at the dinner. The evidence also supports the court's finding that the defendant intended, in accordance with its customary practice, to give the plaintiff the revolver with improvements to be made thereto. In the present case, the court found that the circumstances did not permit the defendant to deliver to the plaintiff at the retirement dinner a fully improved revolver; the defendant had not made the improvements to the revolver by that time.[2] The evidence further supports the court's finding that the defendant did what was practicable under the circumstances: It publicly presented the defendant with the unimproved revolver and then immediately took possession of the revolver for the purpose of making the improvements that it intended to be part of the gift.

We agree with the court that the constructive, or symbolic, form of delivery employed by the defendant was sufficient to consummate the gift of an improved revolver. See also 38A C.J.S. Gifts 202, § 22 (1996) (constructive or symbolic delivery of property sufficient to

[2] The court heard testimony from the plaintiff that a few days after the retirement dinner, one of the defendant's agents employed in its "custom shop" visited the plaintiff and obtained samples of his signature for purposes of completing the custom work of engraving such signature on the revolver.

support gift where circumstances require that delivery be made in such form).

The court heard evidence from the plaintiff, whom it described as "credible," concerning the circumstances of the presentation of the revolver. We find no merit to the defendant's claim that the evidence could only have led to a finding that the defendant had made merely a "promise" to make improvements to a gift of an unimproved gun. "The trier of fact is best able to judge credibility of witnesses and draw necessary inferences therefrom. . . . This court will not retry the facts found by the trial court when they are amply supported by the evidence and are not clearly erroneous." (Citations omitted). *Oak Leaf Marina, Inc.* v. *Ertel*, 23 Conn. App. 91, 94, 579 A.2d 568, cert. denied, 216 Conn. 827, 582 A.2d 206 (1990). The defendant clearly intended that the revolver delivered to the plaintiff include the improvements and was not a "bare bones" revolver.

The defendant also claims that the court lacked an evidentiary foundation for its finding that the value of the revolver, when converted by the defendant, was $8155.[3] We disagree. The record reflects that at trial, the parties stipulated that the value of the revolver in an improved state was $8155. We already have concluded that the court properly found that the defen-

---

[3] Curiously, the defendant, in its principal brief, admits that at trial, "[t]he parties stipulated that the value of the revolver, in the event that [the] improvements were actually performed, would rise to $8155." Its claim apparently is based on its argument that because there was no evidence as to whether the improvements actually were made to the revolver, "it is highly unlikely that the revolver was ever improved . . . ."

The court properly awarded the plaintiff the value of the gift that the defendant constructively delivered to the plaintiff, the improved revolver. The general rule is that the value of an item that has been converted is the value of such item at the time of its conversion. See *Kuzemka* v. *Gregory*, 109 Conn. 117, 122, 146 A. 17 (1929); *Plikus* v. *Plikus*, 26 Conn. App. 174, 178, 599 A.2d 392 (1991). For those reasons, we find the defendant's arguments in this regard to be of no consequence.

dant's gift consisted of an improved revolver. Accordingly, that gift is what the defendant, almost immediately after having presented the gift to the plaintiff, converted.[4] We therefore conclude that the court properly found that the value of the converted gift was $8155. The defendant's claim that there is no evidence as to the value of the converted improved revolver is without merit.

The judgment is affirmed.

---

[4] On appeal, the defendant does not contest the court's finding that "the defendant wilfully converted the gun to its own use."