PAUL E. SCHLOUGH ET AL. *v.* HARRY E.
RULEY, JR., ET AL.
(2279)

TESTO, DUPONT and BORDEN, Js.

Argued November 8—decision released December 27, 1983

*John F. Merchant,* for the appellants (defendants).
*Glenn M. Gordon,* for the appellees (plaintiffs).

PER CURIAM. This is an action to quiet title.[1] The defendants appeal[2] from the judgment of the trial court which quieted title in the plaintiffs. The court found that the plaintiffs had record title to the land in dispute and that the defendants had not acquired title to it by adverse possession.[3]

The defendants had the burden of proving title by adverse possession. *Loewenberg* v. *Wallace,* 147 Conn.

---

[1] The plaintiffs also sought damages and a permanent injunction to prohibit the defendants from entering the plaintiffs' land and from removing trees from it. No evidence was presented as to damages or injunctive relief. The court, therefore, dissolved a prior temporary injunction and did not award damages.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83–29, § 2 (c).

[3] The defendants raised four special defenses. Issues arising out of the court's findings that three of the special defenses were not proved are deemed to have been abandoned because of the defendants' failure to brief them. *Sturman* v. *Socha,* 191 Conn. 1, 3 n.2, 463 A.2d 527 (1983). Of the two issues briefed, only one is considered on appeal: whether the court erred in concluding that the defendants failed to prove ownership by adverse possession. The second issue briefed, whether the court's decision erroneously rendered the defendants' property landlocked, is also not considered because the defendants conceded at oral argument that the decision did give them access to their property by virtue of a right of way.

689, 699, 166 A.2d 150 (1960); *Meshberg* v. *Bridgeport City Trust Co.,* 1 Conn. App. 10, 13, 467 A.2d 685 (1983). In order to establish the necessary elements for title by adverse possession, the defendants must prove that the plaintiffs had been ousted from possession for an uninterrupted period of fifteen years under a claim of right by an open, notorious and exclusive possession. *Whitney* v. *Turmel,* 180 Conn. 147, 148, 429 A.2d 826 (1980). Whether the defendants' possession is adverse under the prescribed formula is a question of fact for the trial court. *Padula* v. *Padula,* 138 Conn. 102, 110, 82 A.2d 362 (1951); see also *Roche* v. *Fairfield,* 186 Conn. 490, 498, 442 A.2d 911 (1982). Factual findings can only be disturbed if they are clearly erroneous and, in light of the record and pleadings as a whole, there is no such error here. Practice Book § 3060D; *Kaplan* v. *Kaplan,* 186 Conn. 387, 391–92, 441 A.2d 629 (1982). The trial court's conclusion that the defendants failed to prove adverse possession is legally, logically and reasonably consistent with its finding of facts. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); see also *Wadsworth Realty Co.* v. *Sundberg,* 165 Conn. 457, 463, 338 A.2d 470 (1973).

There is no error.