## DAVID G. LEFFLBINE *v.* INGRID S. LEFFLBINE
### (4998)

SPALLONE, O'CONNELL and STOUGHTON, Js.

Argued October 13—decision released November 24, 1987

*Francis C. Shea,* for the appellant (defendant).
*Cynthia D. Houck,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the judgment rendered in an action for dissolution of marriage, claiming that the trial court erred (1) in designating the plaintiff husband as the custodial parent of the two minor children, (2) in concluding that the breakdown of the marriage was the fault of the defendant and, therefore, making no award of periodic alimony, (3) in assigning the defendant's interest in the family home

to the plaintiff, and (4) in denying the defendant's motion for a new trial based on the existence and discovery of new evidence.[1]

The facts are not in dispute. The parties were married for twelve years, during which time a daughter and a son were born. Conflicts eventually arose between the plaintiff and the defendant, resulting in a severe strain on their marital relationship. The defendant suffered emotional disturbances which led to her hospitalization for treatment. On occasion, the defendant inflicted corporal punishment upon her children, and the daughter once required medical treatment for injuries brought about by a kick from her mother. There was testimony that the defendant spent much of her time lying in bed, leaving the plaintiff to take all the responsibility for the home and children.

After a contested hearing, the trial court concluded that the marriage had broken down irretrievably and that the cause of this breakdown, for a variety of reasons, was the fault of the defendant. Thereupon, the trial court dissolved the marriage and entered its orders awarding custody of the minor children to the plaintiff, and ordering the defendant to convey her interest in the marital home to the plaintiff, subject to a payment to her of $25,000 after the passage of ten years, or earlier if the plaintiff remarried, died or sold the premises.[2] The court ordered no periodic alimony or child support. The defendant has appealed on the

---

[1] Although a fifth claim of error was included in the defendant's statement of issues, a careful examination of the brief could not uncover any argument in support of this claim. Under these circumstances, we consider the claim abandoned. See *Enterprise Leasing Corporation* v. *Dixon*, 1 Conn. App. 496, 501, 472 A.2d 1300 (1984); *Schlough* v. *Ruley*, 1 Conn. App. 119, 119 n.3, 468 A.2d 1272 (1983).

[2] This portion of the judgment was opened by the trial court on February 24, 1986, to amend the terms of the $25,000 payment to the defendant to include the death of the plaintiff.

issues of fault, alimony, custody and property settlement. We find no error in the court's actions.

The first three issues raised by the defendant implicate the factfinding function and the broad discretionary powers of the trial court. Our Supreme Court and this court have repeatedly and consistently held that we will not intrude into the proper exercise of those functions unless there is an abuse of discretion. "It is axiomatic that because of its clearly advantageous position to assess all of the circumstances before it, the trial court is accorded broad discretion in awarding alimony and allocating property in dissolution actions. *Carpenter* v. *Carpenter,* 188 Conn. 736, 742, 453 A.2d 1151 (1982); *Carter* v. *Carter,* 8 Conn. App. 356, 358, 512 A.2d 929 (1986). This court has held that decisions by the trial court on such matters will only be disturbed ' "under the clearest of circumstances." ' *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 421, 479 A.2d 826 (1984)." *Papageorge* v. *Papageorge,* 12 Conn. App. 596, 598–99, 533 A.2d 229 (1987).

This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found, thereby establishing that the court could reasonably conclude as it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982). Our study of the transcript discloses ample evidence to support the trial court's findings of fact and its conclusions of law.

The defendant's final claim, that the trial court erred in denying her motion for a new trial on the basis of existing and newly discovered evidence, also fails. Prior to the institution of this dissolution action, and during proceedings then pending in the Probate Court, the state department of children and youth services (DCYS) conducted a custody study with regard to the children

and parties herein involved. When the dissolution action was initiated, the proceedings in the probate court were abated. Although it existed at the time of the trial of this action, the actual report prepared by DCYS was never presented to the trial court for consideration. After the judgment of dissolution was rendered, new counsel for the defendant became aware of said report and thereupon moved for a new trial based on newly discovered evidence.

A hearing on the motion for a new trial was held before the court, *Kelly, J.*, which, after taking evidence, expressly found (1) that the DCYS report could have been discovered and produced at the time of trial by the exercise of due diligence, (2) that the testimony given during the dissolution action by Peter Myers, a family relations officer, was based to a considerable extent on the DCYS report, and (3) that even considering the content of the DCYS report, the final result in the dissolution action would not have been different. These findings are fully supported by the evidence and manifest a correct application of the standards to be applied when deciding a motion for a new trial. As enunciated in *Hamlin* v. *State*, 48 Conn. 92, 93–94 (1880), "to entitle a party to another trial on the ground of newly-discovered evidence, it must be made to appear that the evidence relied upon for such purpose was in fact newly-discovered; that it would be material to the issue on another trial; that it could not have been discovered and produced on the former trial by the exercise of due diligence; that it must not be cumulative; and that it must be sufficient to produce a different result on another trial, should the cause be determined solely upon the law and the evidence." Although *Hamlin* is over one hundred years old, it is still the law which governs our trial courts when presiding over a motion for new trial based on newly discovered evidence. See, e.g., *Kubeck* v. *Foremost Foods Co.*,

190 Conn. 667, 670, 461 A.2d 1380 (1983); *Lombardo v. State,* 172 Conn. 385, 390, 374 A.2d 1065 (1977).

Our analysis indicates that the trial court properly exercised its factfinding function in attributing fault in this matter, did not abuse its broad discretion in awarding custody and in fashioning its financial awards, and applied long standing and lawful standards in ruling on the defendant's motion for a new trial based on newly discovered evidence.

There is no error.

In this opinion the other judges concurred.

