## FRANK KONIKOWSKI ET AL. *v.* GEORGE A. L. EVERSON
## (14419)

Foti, Heiman and Schaller, Js.

Submitted on briefs June 7—officially released August 20, 1996

*Brian G. Enright* filed a brief for the appellant (defendant).

*Richard J. Duda* and *Mary Beth Duda* filed a brief for the appellees (plaintiffs).

PER CURIAM. The defendant appeals from the judgment of the trial court rendered upon the court's acceptance of the report of an attorney trial referee. The dispositive issue is whether the trial court improperly accepted the attorney trial referee's report recommending an inconsistent judgment of record title and title by adverse possession.

The following facts and procedural history are relevant to our resolution of this appeal. This action arose out of a dispute over the location of a boundary post. The plaintiffs, Frank Konikowski and Lottie Konikowski, commenced this action by filing a three count complaint against the defendant. In counts one and two, the plaintiffs claimed ownership of the disputed property by record title and adverse possession. In count three, the

plaintiffs alleged that the defendant trespassed on the property. By counterclaim, the defendant responded by claiming that he held record title to the disputed property. The attorney trial referee recommended judgment for the plaintiffs on counts one and two of their complaint, but for the defendant on count three. The trial court rendered judgment in accordance with the attorney trial referee's report.[1]

" 'A duty of construction is placed upon the trial court whenever a party pleads inconsistent theories of recovery. . . . Although a party may plead, in good faith, inconsistent facts and theories, a court may not award a judgment on inconsistent facts and conclusions. A judgment, read in its entirety, must admit of a consistent construction. . . . Where a party is entitled to only a single right to recover, it is the responsibility of the trial court to determine which of the inapposite sets of facts the party has proved, and then to render judgment accordingly.' . . . [*DeVita* v. *Esposito*, 13 Conn. App. 101, 107, 535 A.2d 364, cert. denied, 207 Conn. 807, 540 A.2d 375 (1988)].

" 'A person who claims title by deed is claiming that he has good record title which entitles him, in an action to quiet title, to a judgment of ownership. *Loewenberg* v. *Wallace*, 147 Conn. 689, 698, 166 A.2d 150 (1960). Conversely, a person who claims title by adverse possession is claiming that although he does not have record title, his proof of possession which is adverse, open, notorious and continuous for the entire statutory

[1] The trial court did not expressly render a final judgment on the defendant's counterclaim alleging ownership by record title. We note, however, that the " '[t]est of a final judgment lies, not in the nature of the ruling, but in its effect in concluding the rights of the party appealing; if his rights are concluded so that further proceedings after the ruling cannot affect them, there is a final judgment.' " *Martin* v. *Martin's News Service*, 9 Conn. App. 304, 306 n.2, 518 A.2d 951 (1986), cert. denied, 202 Conn. 807, 520 A.2d 1287 (1987), quoting *Howarth* v. *Norcott*, 152 Conn. 460, 462, 208 A.2d 540 (1965).

period entitles him, in an action to quiet title, to a judgment of ownership. *Ruick* v. *Twarkins*, 171 Conn. 149, 155, 367 A.2d 1380 (1976); *Schlough* v. *Ruley*, 1 Conn. App. 119, 120, 468 A.2d 1272 (1983).' [*DeVita* v. *Esposito*, supra, 13 Conn. App. 106]. 'The trial court must first determine in which party record title lies, and then, if necessary, determine whether adverse possession has divested the record owner of his title.' Id., 108." *Marrin* v. *Spearow*, 35 Conn. App. 398, 402, 646 A.2d 254 (1994).

In the present case, the trial court could not accept the report of the attorney trial referee because it recommended an inconsistent judgment.[2] As a result, we must vacate the entire judgment of the court and remand the case for a new trial. *Marrin* v. *Spearow*, supra, 35 Conn. App. 403; *DeVita* v. *Esposito*, supra, 13 Conn. App. 112.

The judgment is reversed and the case is remanded for a new trial.

---

[2] The plaintiffs argue that this case is similar to *Bond* v. *Benning*, 175 Conn. 308, 311, 398 A.2d 1158 (1978), in which our Supreme Court upheld a trial court's finding of ownership by record title in a case where the trial court also concluded that even if record title had not been proven, the party held title by adverse possession. We reject the plaintiffs' contention in the present case for the same reason that we rejected the same contention in *DeVita* v. *Esposito*, supra, 13 Conn. App. 107–108 n.6, because the trial court in the present case did not conclude, as the trial court did in *Bond* v. *Benning*, supra, 311, that the party had, in fact, proved record title.