[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this quiet title action. the plaintiff claims title by adverse possession to a parcel of land in the Town of Washington, Connecticut. The defendant is the successor administrator c.t.a. to the estate of Kenneth H. Pensoneault, which is the record title owner of the subject parcel.[1] The parcel is .233 acres and described as "parcel to be conveyed to Donald Deitz and Clarinda Deitz" in Schedule A to the complaint. The plaintiff orally withdrew count three at time of trial and any claim under General Statutes § 47-41.
All actions to quiet title are governed by General Statutes § 47-31, the provisions of which are mandatory. DeVita v.Esposito, 13 Conn. App. 101, 103-04 (1987), cert. denied207 Conn. 807 (1988); Fanfesti v. Englehardt, 27 Conn. Sup 349
(1967). The statute supersedes any commnon law action brought to determine record title or to claim an interest in real property.13 Conn. App. at 104. CT Page 14778
General Statutes § 47-31 requires that the complaint describe the property in question, state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the interest, title, or claim. It also must name each party claiming an adverse interest or estate. Koennick v. Maiorano,43 Conn. App. 1, 9 (1996). The plaintiff here has met those requirements.
"A person who claims title by adverse possession is claiming that although he does not have record title. his proof of possession which is adverse, open, notorious and continuous for the entire statutory period entitles him, in an action to quiet title to a judgment of ownership". Konikowski v. Everson,42 Conn. App. 658, 659 (1996). In order to establish title through adverse possession, the plaintiff must prove by clear and convincing evidence that the defendant "shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open. visible and exclusive possession of the claimant without license or consent of the defendant." OakLeaf Marina, lnc. v. Ertel, 23 Conn. App. 91, 94 (1990), citingCounty Federal Savings Loan Assn. v. Eastern Associates,3 Conn. App. 582, 586 (1985) and General Statutes § 52-575. The plaintiff has produced such evidence here.
The following facts are found by clear and convincing evidence. The plaintiff acquired a parcel of land contiguous to the disputed parcel on July 24. 1972. Since August 1972, the plaintiff has used and enjoyed the two parcels. As to the disputed parcel, a corner of the house inhabited by the plaintiff and her family encroaches upon the disputed parcel. The present septic system and the prior leach field are also located on the disputed parcel. Among other things. since 1972, the plaintiff maintained the lawn, raked, cleared, and erected a squirrel's house and a deer station all on this disputed parcel. The plaintiff cleaned up a garbage dump used by the previous owner. The plaintiff's children played on the yard in the disputed parcel. Since 1975. the plaintiff has paid property taxes to the Town of Washington on both the disputed parcel and the parcel conveyed by deed.
The court finds by clear and convincing evidence that the plaintiff possessed the disputed parcel openly, adversely, exclusively, visibly and continuously. The plaintiff has established title to the disputed parcel by adverse possession. CT Page 14779
Judgment may enter in favor of the plaintiff accordingly on counts one and two with no costs awarded to either party and no compensatory damages. The parties are to prepare a legal description of the parcel identified on Schedule A of the complaint as the .233 acres parcel to be conveyed to Donald Deitz and Clarinda Deitz within 30 days of their judgment for approval by the court.
DIPENTIMA, J.