[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dispute arose between adjacent property owners. The plaintiff, Clarinda Deitz, acting individually and as conservator for her husband Donald Deitz, owns a parcel of land at 51 Tinker Hill Road, Washington. The defendants Arthur Banks and Linda Banks (defendants) own a parcel of land at 55 Tinker Hill Road, Washington. The subject of this action is a portion of the property to which the defendant Banks held title and which the plaintiff and her family used as a driveway.
The plaintiff proceeded to trial on her amended complaint filed May 17, 1999, which sounded in three counts. The first count alleged an action under General Statutes § 47-31; the second count alleged title by adverse possession; and the third count alleged a prescriptive easement. The defendants Banks filed an answer denying the plaintiff's claims and a counter claim dated March 5, 1999, which alleged that they held fee simple title to the subject right of way.
The remaining defendants, Dorothy Norman, Alice Cecilia Shusdock and John Robert Shusdock were named as having an interest in the same property for ingress and egress only. All those defendants filed pro se appearances. The defendants Shusdock were defaulted for failure to plead on April 11, 1999, and did not appear at trial. The defendant Norman signed a stipulation for judgment to enter in favor of the plaintiffs under certain conditions, and she did not appear at trial.[1]
The trial was held on April 28, 2000, and May 12, 2000. The parties submitted post trial memoranda on June 1 and 2, 2000. The court expresses CT Page 9115 its appreciation for the excellent submissions by both parties. On June 28, 2000, the court inspected the site with the parties and counsel present.
At trial, the plaintiff presented the following witnesses to support her claims: the plaintiff, Stuart Edmond, the plaintiff's brother, Viola S. Philip, a friend of the plaintiff and owner of property at 41 Tinker Hill Road.[2] The defendant called the defendant Linda Banks and the defendant Arthur Banks. On rebuttal, the plaintiff called Arthur Howland, a licensed land surveyor, and Charles Harson, a septic system installer and recalled Viola Philip, Stuart Edmond and the plaintiff. The evidence also included a number of maps, photographs and deeds.
The plaintiff and her husband bought the property on 51 Tinker Hill Road in Washington on July 24, 1972, from Edward and Gail Marcus. The defendants Banks purchased the property at 55 Tinker Hill Road in Washington on April 18, 1975, from Kenneth and Jennie Pensoneault. The deed to the Banks' property included a fee simple title to a right of way running from Tinker Hill Road. (defendant's exhibit two.) It is a portion of that right of way that is the area in dispute. The area in dispute is seen on the attached map (plaintiff's exhibit one), as the "Ex. gravel drive" marked "B". The area in dispute is also described in paragraph two of the complaint dated January 15, 1999.
Based upon the probative and credible evidence, the court finds the following facts. The plaintiff and her family used the disputed area as a driveway from 1972 to 1997. They did not prevent the defendant Banks from using the disputed area, and in fact the defendant Arthur Banks maintained the full width of his right of way, which included the disputed area and a drainage ditch. Sometime in 1976, within the year after the defendants Banks purchased their property, the plaintiff's husband Donald Deitz requested and received permission to use the disputed area as a driveway. Thereafter in 1989, the Defendant Banks sent the plaintiff and her husband a letter requesting that the plaintiff discontinue using the disputed area as a driveway. In response, the plaintiff's attorney sent the defendants a letter opining that the plaintiff and her husband had the right to pass to their property over the disputed area. From 1989 to 1997, the plaintiff and her family continued to use the disputed area as a driveway. In 1997, the defendants planted trees and placed large boulders in the disputed area, so as to prevent the plaintiff and her family from using it as a driveway. The plaintiffs brought this action in January 1999 claiming title through adverse possession or possession through prescriptive easement.
All actions to quiet title are governed by General Statutes § 47-31. The statute supersedes any common law action brought to determine record CT Page 9116 title or to claim an interest in real property. DeVita v. Esposito,13 Conn. App. 101, 103-04 (1987), cert dismissed, 207 Conn. 807 (1988). General Statutes § 47-31 requires that the complaint describe the property in question, state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the interest, title or claim. It also must name each party claiming an adverse interest or estate.Koennick v. Maiorano, 43 Conn. App. 1, 9 (1996). The plaintiff has met those statutory requirements.
The plaintiff first argues that she has title through adverse possession.
 A person who claims title by deed is claiming that he has good record title which entitles him, in an action to quiet title, to a judgment of ownership. Loewenberg v. Wallace, 147 Conn. 689, 698 (1960). Conversely, a person who claims title by adverse possession is claiming that although he does not have record title, his proof of possession which is adverse, open, notorious and continuous for the entire statutory period entitles him, in an action to quiet title, to a judgment of ownership. Ruick v. Twarkins, 171 Conn. 149, 155 (1976); Schlough v. Ruley, 1 Conn. App. 119, 120
(1983). [DeVita v. Esposito, supra, 13 Conn. App. 106]. `The trial court must first determine in which party record title lies, and then, if necessary, determine wether adverse possession has divested the record owner of his title.' Id., 108. Marrin v. Spearow, 35 Conn. App. 398, 402 (1994).
Konikowski v. Everson, 42 Conn. App. 658, 659-670 (1996).
In order to establish title through adverse possession, the plaintiff must prove by clear and convincing evidence that the defendants or their predecessors in title "shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the [defendants]." Oak Leaf Marina, Inc. v. Ertel,23 Conn. App. 91, 94 (1990), citing County Federal Savings Loan Assn.v. Eastern Associates, 3 Conn. App. 582, 586 (1985) and General Statutes § 52-575.
To acquire an easement by prescription, the plaintiff must show by a fair preponderance of the evidence that the use of the property must be adverse. General Statutes § 47-37; Westchester v. Greenwich,227 Conn. 495, 501 (1993). In order to prove adverse use, the party claiming to have acquired the easement "must demonstrate that the use of CT Page 9117 the property has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. Crandall v. Gould,244 Conn. 583, 590 (1998). The court went on to explain the claim of right requirement.
 Use made under a claim of right means use of the owner of the servient tenement. To establish an easement by prescription it is absolutely essential that the use be adverse. It must be such as to give a right of action in favor of the party against whom it has been exercised. The use must occur without license or permission and must be unaccompanied by any recognition of [the right of the owner of the servient tenement] to stop such use.
(Internal quotation marks omitted; citations omitted.) Id. 590-591.
Based upon the facts as found and under the applicable law, and applying the appropriate burden of proof, the court concludes the following. First, the defendants hold record title to the disputed area. The use of the disputed area by the plaintiff was not exclusive nor was it without the license or consent of the defendants for fifteen years. While the plaintiffs used the disputed area for over fifteen years, during that period of time, the defendants gave her permission and maintained the disputed area. The credible evidence shows that from 1976 to 1989, the plaintiff had permission to use the disputed area as a driveway. The defendants maintained the area so that the plaintiff's use was not exclusive. From 1989 to 1997, the use was adverse but that period of time is less than the required fifteen years by seven years. Accordingly, the plaintiff cannot prove by clear and convincing evidence her adverse possession claim.
As to her claim for prescriptive easement, the court must reject this claim as well despite the lower burden of proof. The facts found by the court as to the defendants permitting the plaintiff and her family to use the disputed area from 1976 to 1989 defeats the claim for prescriptive easement.
Judgment may enter for the defendants on all counts of the complaint. Judgment may enter for the defendants on the counterclaim. Costs may be taxed to the plaintiff.
DiPentima, J.
[EDITORS' NOTE: EXHIBIT 1 IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 9118