BACKGROUND
EAGAN, Judge.
The gravamen of plaintiffs’ Complaint and First Amended Complaint is that the defendants improperly failed to give them a preference as a Native American contractor, owned by a member of the Mohegan Tribe of Indians of Connecticut. The plaintiffs’ First Amended Complaint alleged seven separate claims for relief, all of which were dismissed.
The plaintiffs’ petition for a new trial, however, implicates only Count One, which alleges a violation of the Mohegan Tribal Employment Rights Ordinance (“TERO”) and Counts Four and Five, which allege a denial of due process and equal protection of law under the Indian Civil Rights Act (“ICRA”), 25 U.S.C. Sec. 1302(8). These Counts were dismissed on the ground that plaintiffs had failed to exhaust their administrative remedies as mandated by the TERO. During the relevant time frame, the TERO incorporated Section XII of the MTO, 2002-02, providing for: “a Complaint and Hearing Procedure” pursuant to which the Mohegan Tribal Employment Rights Commission is to investigate and conduct hearings on complaints involving compliance with the TERO. Section XIV (A) stated that “... any person who is aggrieved by a decision or order issued by the Commission may appeal to the Tribal Court ...”; while Section XIV (B) mandated that prior to seeking relief from the Tribal Court, an aggrieved person shall “... first seek administrative relief pursuant to procedures prescribed and set forth in Section XII of this Ordinance”. Plaintiffs now seek a reversal of the finding that they failed to exhaust their administrative remedies by the introduction of “newly discovered evidence.”
DISCUSSION
In the original proceeding on defendants’ Motion to Dismiss, the plaintiffs did not allege that they had sought relief before the Mohegan Tribal Employment Rights Commission (“The Mohegan TERO”) before filing their complaint in the Gaming Disputes Trial Court. They now attempt to compensate for this failure, which resulted in the dismissal of Counts One, Four and Five, by the introduction of a May 10, 2005 letter to the plaintiff Bar-tha from Kendall A. Janus, Director of the Mohegan TERO, referencing an April 1, 2005 letter from Bartha to the Mohegan TERO.
In short, plaintiffs argue that this May 10, 2005 letter establishes that plaintiffs, in April 2005, in fact, did seek administrative relief from the Mohegan TERO, which was denied. Ipso facto, this letter cures the deficiency in their pleadings which did not allege exhaustion of administrative remedies and necessitates a reversal of the previous dismissal.
The problem with plaintiffs’ reasoning is that the May 10, 2005 letter from the Chairman of the Mohegan TERO does not meet the criteria for newly discovered evidence which would justify a reopening of the prior proceeding, as set forth in Turner v. Scanlon, 146 Conn. 149, 148 A.2d *577 331 (1959). In Turner, the defendant had moved for a new trial on the ground of newly discovered evidence. The Connecticut Supreme Court, relying on prior decisions, stated that: “A party is entitled to a new trial on the ground of newly discovered evidence if such evidence is, in fact, newly discovered, will be material to the issue on a new trial, could not have been discovered and produced, on the trial which was had, by the exercise of due diligence, is not merely cumulative and is likely to produce a different result.” Id. at 163, 148 A.2d 334 Accord, Burr v. Lichtenheim, 190 Conn. 351, 355-56, 460 A.2d 1290 (1983); Pass v. Pass, 152 Conn. 508, 511-513, 208 A.2d 753 (1965); Lefflbine v. Lefflbine, 12 Conn.App. 638, 533 A.2d 576 (1987).
Connecticut common law is significant because MTO 95-4, An Ordinance Establishing the Gaming Disputes Court, Article ill, Section 301(c), directs the Gaming Disputes Court to apply the common law of Connecticut when it does not conflict with Mohegan Tribal Law.[1]
Applying the Turner standard to the instant case, it is clear that neither the May 10, 2005 letter from the Mohegan TERO to plaintiff Bartha nor the referenced April 1, 2005 letter from plaintiff to the Mohegan TERO is “in fact, newly discovered” evidence. Turner at 163, 148 A.2d 334. Instead, the evidence here is newly created, occurring eight months after the plaintiffs’ case was dismissed for failure to exhaust their administrative remedies before the Mohegan TERO.
Further, assuming arguendo, that the Mohegan TERO letter were to have preceded this court’s dismissal of Counts One, Four, and Five, consideration of the letter would not produce “a different result”. Id. As set forth above, MTO, 2002-02, Section XIV (A) provided for an appeal to the Tribal Court, when a person is “aggrieved by a decision or order issued by the Commission”. The May 10, 2005 letter from the Mohegan TERO is clearly not “a decision or order” of the Commission. Rather, the letter is merely a request for further information that expressly states “Until I am in receipt [sic] such information, I am unable to reach a determination that there is a probable cause for any further proceedings”.
Accordingly, plaintiffs petition for a new trial based on newly discovered evidence is denied.

. 301(c) provides that “The common law of the State of Connecticut interpreting the positive law adopted in Section 301(b), above, which body of law is hereby adopted as and declared to be the common law of the Mohegan Tribe for application by the Gaming Disputes Court, except as such common law is in conflict with Mohegan Tribal Law.”